```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**BRENDA K. MILAM,**

    **Plaintiff,**

v.                                    Case No. 5:07-cv-00609

**R. JAMES NICHOLSON, Secretary,**
**United States Department of**
**Veterans Affairs,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This is an employment case filed by Plaintiff in which she alleges that she experienced discrimination on the basis of her age and disability by management at the Veterans Affairs hospital at Beckley, West Virginia. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the court is defendant R. James Nicholson's Motion to Dismiss (docket # 14), based on expiration of the statute of limitations, which is supported by a memorandum (# 15). Plaintiff filed a response in opposition (# 17), and Defendant filed a reply (# 19).

On May 25, 2007, the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, issued its denial of

Plaintiff's request for reconsideration of its decision of September 28, 2006. (# 2, at 12-13.) The court notes that Plaintiff represented herself in requesting reconsideration, and made the request in a timely manner.

The denial contained the following notice:

> COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)
> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. * * *
>
> RIGHT TO REQUEST COUNSEL (L1199)
> If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

Id., at 13. The denial included a "CERTIFICATE OF MAILING," which states as follows: "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed [on May 25, 2007]." (# 2, at 14.) Thus it is presumed that Plaintiff received the denial on or before May 30, 2007.

The ninety day period in which to file a civil action expired

on August 28, 2007, which was a Tuesday.  Plaintiff filed her hand-written complaint and application to proceed without prepayment of fees or costs on October 2, 2007.  In her complaint, Plaintiff wrote: "I am asking you to please consider allowing me to file suit in Federal court and forgive my untimeliness in filing, as I have been "inc[apac]itated due to mental illness and medications."  (# 2, at 3.)

Defendant's Memorandum in support of his Motion to Dismiss cites the well-settled principle that adherence to the EEOC time limit set forth in 29 C.F.R. § 1614.407 is a precondition to bringing a civil action.  <u>Brown v. General Services Administration</u>, 42 U.S. 820, 832-35 (1976).

Plaintiff's response makes the following arguments in support of her contention that her case should not be dismissed:

> Your honor, I have requested <u>2</u> times thru the Federal Courthouse in Beckley, WV to <u>be allowed to file this case, even though filed late</u> (due to my mental condition which I will try to explain in this letter) . . . and asked that the <u>Federal Judge appoint me an attorney</u>, as I had been unable to get one, or even find one for this case anywhere in Southern WV that is qualified to handle a Federal case for EEO complaints. * * *  I have phoned, faxed, e-mailed, written etc. many many attorneys in the Beckley, Princeton, Bluefield, Fayette Co., and Charleston areas, to no avail. * * *
>
> So I petitioned the judge to appoint someone to my case, as I deserve an attorney, just as much as Defendant in this case does. * * *
>
> Next thing I know, they sent my case to you.
>
> I never asked to be discriminated against by the Beckley VA Medical Center . . . . * * *

3

> I certainly never expected the harassment and retaliation that followed my <u>refusal</u> to "drop my EEO complaint." This causing me to have to seek psychiatric help, and finally to be committed to a psychiatric facility in March 14th of 2007, unable to perform my duties any longer. Diagnosed with PTSD - work related, anxiety disorder and depression, hence the "<u>late</u>" filing of this suit.
>
> Had I been able to obtain <u>legal</u> attorney representation, I feel I would not have misplaced and forgotten the letter from OFO (I think it is called), but I did not have anyone to help me legally.
>
> My doctor's name is . . ..
>
> I am on a <u>lot</u> of medications, both for nerves, PTSD and several back injuries, . . ..
>
> It's been going on since 2003 (this EEO claim) and I have never been able to find <u>an attorney</u> to represent me, or to help stop the abuse.
>
> * * *
>
> It should not matter if something is filed <u>1</u> day late (as the VA attorneys asked for)[1] or 30 some days late (as I asked for due to mental problems beyond my control, and <u>no attorney</u> at all to help me). * * *

(# 17, at 1-4.) Plaintiff submitted a copy of medical records dated March 14 through March 17, and March 27, 2007 (# 18). These records are filed under seal at Plaintiff's request, and it appears that Plaintiff did not provide a copy of them to defense counsel. They establish that on March 14, 2007, Plaintiff was admitted to Highland Hospital for three days, with follow-up on March 27.

In reply to Plaintiff's response, Defendant contends that

---

[1] On April 14, 2008, Defendant filed a Motion to Extend Time to File Answer to April 15, 2008 (# 13), which Motion was granted by Order entered April 17, 2008 (# 16). The deadline for filing an answer to a complaint is not subject to a statute of limitations, although other penalties may be incurred.

Plaintiff acknowledges that she was aware of the 90 day filing deadline, and that neither her *pro se* status nor her mental condition justify a tolling of the statute of limitations. (# 19, at 1.) He points out that Plaintiff admits that she misplaced and forgot about the notice of Right to File a Civil Action, which is inconsistent with her statement that she failed to file her action timely due to her mental impairment. Id., at 1-2. Defendant cites to several cases which hold that the inability to retain counsel does not warrant tolling of the statute of limitations. Id., at 2-3. With respect to Plaintiff's mental condition, Defendant states that she failed to submit any evidence which would establish her inability to file the complaint on time. Id., at 3-4. This last argument is not true, but it is excused because Plaintiff did not provide copies of the medical records to defense counsel.

Plaintiff has demonstrated that she was suffering from a mental impairment necessitating hospitalization in March, 2007, but she has not submitted any evidence of such incapacity during the period May 30 through August 28, 2007. She has admitted that she misplaced and forgot the notice of Right to File a Civil Action. She represented herself in timely filing a request for reconsideration of the EEOC's denial, and she has adequately represented herself in this action.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint was filed after the ninety-day

5

statute of limitations expired; that her suit is barred; that her inability to hire an attorney is not grounds for tolling the statute of limitations; and that there is no evidence that her mental impairment incapacitated her during the period May 30 to August 28, 2007, as to justify tolling the statute of limitations. Accordingly, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss be granted and that this action be dismissed with prejudice.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    August 1, 2008
          Date

Mary E. Stanley
United States Magistrate Judge