IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRENDA K. MILAM,

          Plaintiff,

v.                                    CIVIL ACTION NO. 5:07-cv-00609

R. JAMES NICHOLSON,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Defendant Secretary of the Department of Veterans Affairs R. James Nicholson's Motion to Dismiss [Docket 14] and Plaintiff Brenda K. Millam's Motion to Seal Medical Records [Docket 23]. Pursuant to Standing Order filed August 1, 2006, and entered in this action October 2, 2007, this matter was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and a recommendation for disposition (PF&R) in accordance with 28 U.S.C. § 636(b)(1)(B). On August 1, 2008, the magistrate judge submitted a PF&R recommending that the Court grant Defendant's motion to dismiss and dismiss this action from the Court's docket with prejudice. Objections to the PF&R were due by August 18, 2008. Timely objections were filed on August 12, 2008. The briefing is complete, and the matter is now ripe for the Court's consideration.

      Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a de novo or any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The Court has reviewed de novo those portions of the Magistrate Judge Stanley's PF&R to which Plaintiff has properly objected and finds that the objections lack merit. For the reasons set forth below, the Court **ADOPTS** and incorporates herein Magistrate Judge Stanley's PF&R. The Court **GRANTS** Defendant's motion to dismiss [Docket 14] and **DISMISSES** this action from the Court's docket with prejudice.

## I. BACKGROUND

This action arises from the allegedly discriminatory actions of Plaintiff's employer, the Veterans Affairs Medical Center in Beckley, West Virginia. Plaintiff, acting pro se, alleges that her employer failed to promote her, accommodate her disabilities, offer her terms and conditions of employment equivalent to those of similar employees, or "allow [her] to compete for similar positions *with less responsibility* that *paid more*." (Docket 5 at 4–5 (emphasis in original).) Plaintiff contends that these failures constituted violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.

This action was filed on October 2, 2007, following the exhaustion of Plaintiff's administrative remedies through the Equal Employment Opportunity Commission (EEOC). Plaintiff's motion to reconsider the EEOC's adverse decision was denied on May 25, 2007. The denial contained the following paragraph informing Plaintiff of her right to appeal to this Court:

> COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900) This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you

> receive this decision. . . . Failure to do so may result in the dismissal of your case in court.

(Docket 5-1 at 2.); *see also* 42 U.S.C. § 2000e-16(c) (stating ninety-day period to appeal adverse EEOC decision to district court); C.F.R. § 1614.407(c) (same). The denial included a "CERTIFICATE OF MAILING," which states as follows: "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (*Id.* at 3.) Thus, it is presumed that Plaintiff received the denial on or before May 30, 2007. Plaintiff's ninety-day window to file a complaint in this Court expired on August 28, 2007. Plaintiff did not file her complaint until October 2, 2007—thirty-five days after the deadline.

Defendant cites Plaintiff's failure to file her complaint within the time allotted by the statute of limitations as the grounds for his motion to dismiss. Plaintiff admits that the complaint was not timely, but she responds that the delay should be excused because she is not represented by counsel and suffers from posttraumatic stress disorder (PTSD) and depression. In Plaintiff's words, "I am asking you to please consider allowing me to file suit in Federal court and forgive my untimeliness in filing, as I have been 'inc[apac]itated' due to mental illness and medications." (Docket 2 at 3.) In the PF&R, the magistrate judge proposed several findings, which are summarized as follows: (1) Plaintiff's complaint was filed after the expiration of the ninety-day statute of limitations period; (2) Plaintiff has not alleged facts that would justify the equitable tolling of the statute of limitations; and (3) Plaintiff's suit is therefore barred by the statute of limitations. (*See* Docket 20 at 5–6.)

Plaintiff objects to the PF&R, stating:

> I am asking that my case be allowed to proceed, and not be dismissed, as I still have no guidance or representation by any attorney to show me how I need to proceed, what I needed to sent with my complaint or anything. I am and *was* on a lot of meds to help me through all the "flashbacks" I have (PTSD) from all the Discrimination/ Harassment/ Retaliation I have had to go through, *all starting with this case*.

3

(Docket 22 (emphasis in original).) As a pro se litigant, Plaintiff's objections to the PF&R are construed liberally. *See Blair v.Ravenswood Village Health Ctr.*, 43 F. Supp. 2d 586, 586 (S.D. W. Va. 1998). She argues, in effect, that the magistrate judge erred by not finding that the Plaintiff's lack of representation and mental impairments merit the equitable tolling of the statute of limitations period.

## II. DISCUSSION

Pursuant to 42U.S.C. § 2000e-16(c), a government employee must appeal an adverse decision of the EEOC to the district court within ninety days of the decision or the right of appeal is lost. This statute is not jurisdictional, and is subject to equitable tolling. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94–96 (1990); *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006). The party arguing that a statute of limitations should be equitably tolled bears the burden of proving "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[T]o invoke equitable tolling, [a party] must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit."). This burden is significant, and the party advocating the tolling must demonstrate more than a "garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96.

A pro se litigant's difficulty understanding the law or prosecuting her case is not a proper basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *cf. Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (holding that a mistake by party's counsel does not warrant equitable tolling). Mental incapacity may be grounds for the equitable tolling of a statute of

4

limitations, however, if the degree of mental incapacity is "profound." *Id.* at 513. Profound mental incapacity may be inferred, for example, when a party is institutionalized or adjudged incompetent. *Id.* (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Lesser forms of mental and physical impairment have not been found to be sufficient to equitably toll statutes of limitations. *See, e.g.*, *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (IQ of 81); Sosa, 365 F.3d at 513 (schizoaffective disorder and generalized anxiety disorder); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (PTSD attack and temporary legal blindness); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (illiteracy); Nesbit-Harris v. Jackson, 3:07-cv-696, 2008 U.S. Dist. LEXIS 43324, at *11 (E.D. Va. June 3, 2008) (anxiety and depression); *London v. Johnson*, 2:04-cv-746, 2005 U.S. Dist. LEXIS 10348, at *7–*9 (E.D. Va. May 27, 2005) (severe head trauma); *cf. Farabee v. Johnson*, 129 Fed. Appx. 799, 803 (4th Cir. 2005) (dicta) (institutionalization to prevent party from hurting himself or others).

While the Court sympathizes with Plaintiff's difficulty in prosecuting her case without the aid of a lawyer and in light of her mental health status, sympathy is not an adequate grounds for equitable tolling. *See Baldwin Ctr. Welcome Center v. Brown*, 466 U.S. 147, 152, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Plaintiff has not alleged sufficient facts to justify the equitable tolling of the statute of limitations for the filing of the complaint in district court. Although the record reflects that Plaintiff was hospitalized for mental health treatment from March 14 through March 17, 2007, (Docket 18-2), this hospitalization did not occur during the period of time in which the statute of limitations was running. Her mental health diagnoses, PTSD and depression, do not constitute profound mental

impairment. As evidence of this assertion, the Court notes that Plaintiff's impairments, which apparently have persisted, presented no obstacle to her ability to file this action on October 2, 2007. In sum, Plaintiff's pro se status and mental condition represent a garden variety example of excusable neglect, but they do not amount to extraordinary circumstances that prevented her from complying with the statute of limitations.[*]

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** and incorporates herein Magistrate Judge Stanley's PF&R [Docket 20]. The Court **GRANTS** Defendant's motion to dismiss [Docket 14] and **DISMISSES** this action from the Court's docket with prejudice. A separate Judgment Order will enter this day.

Pursuant to Local Rule of Civil Procedure 26.4(b), the Court finds good cause exists to seal Plaintiff's personal medical records. Accordingly, Plaintiff's motion to seal [Docket 23] is **GRANTED**.

**IT IS SO ORDERED.**

---

[*] Because the Court finds that the exceptional circumstances are not present, it is not necessary to determine if Plaintiff was diligent in pursuing her rights. *See Pace v. DiGuglielmo*, 544 U.S. at 418.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       January 20, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE